| | |
|---|---|
| KOHEN DIALLO UHURU,<br>aka DIALLO E. UHURU,<br>CDCR #P-73824,<br><br>                              Plaintiff,<br><br>vs.<br><br>Lt. M. OLIVEROS, Correctional Guard with Rank, et al.,<br><br>                              Defendants. | Case No.: 3:16-cv-02973-CAB-RBB<br><br>**ORDER:**<br><br>**1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) [ECF No. 2]**<br><br>**AND**<br><br>**(2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a) AND FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915A(b)(1)** |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

KOHEN DIALLO UHURU ("Plaintiff"), also known as Diallo E. Uhuru, currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1993 (ECF No. 1).

Plaintiff claims a host of RJD officials and one doctor at the California Medical Facility have violated his First, Eighth, and Fourteenth Amendment rights as a group on unspecified occasions "though a caste system that is designated by laches to demoralize and dehumanize [him] from being a heterosexual" and identify as a "Hue-Man" Nubian Hebrew Israelite. (ECF No. 1 at 2-4, 10-11, 16.) Plaintiff contends to have been improperly "punished" with "detrimental psychotropic medications," and to have been denied single-cell and lower bunk status for his narcolepsy, seizures, and his aversion to "undercover sodomites, exhibitionist[s], and gang affiliate[s] who listen[] to rap music and watch violent television programs." Plaintiff also claims he was refused the right to practice his religion under the Religious Land Use and Institutionalized Persons Act ("RLIPA") because RJD is "misappropriat[ing] funds" by "pouring cement" but not work[ing] on the chapel," that "CDCR officials" are "notorious[ly] … not processing inmate/parolee appeals," have placed him in Ad-Seg "because he is addicted to prayer," and have "tortured [him] and colluded" together to mistreat and misdiagnose his mental illnesses in a racially discriminatory manner. (*Id.* at 11-16, 18-23.)

Plaintiff seeks declaratory and injunctive relief, including "documentation that the word permanent means enduring and without change," and a court order "allowing [him] to maintain a hand held audio recording device for dialogue/consultations," as well as $750,000 in general and punitive damages. (*Id.* at 9.)

Plaintiff has not prepaid the civil filing fee required by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

I. **Motion to Proceed IFP**

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Plaintiff, however, "face an additional hurdle." *Id.* In addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v.*

*Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), the Prison Litigation Reform Act ("PLRA") amended section 1915 to altogether preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "*Andrews*").

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008); *see also El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. Aug. 12, 2016) (noting that when court "review[s] a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'") (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

1    Once a prisoner has accumulated three strikes, he is simply prohibited by section 1915(g) from pursuing any other IFP civil action or appeal in federal court unless he alleges he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

## II.    Application to Plaintiff

As an initial matter, the Court has carefully reviewed Plaintiff's Complaint and has ascertained that it does not contain any "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Instead, as noted above, Plaintiff's Complaint seeks to sue "CDCR officials" as a group for improperly subjecting him to racial and mental health classifications with which he disagrees, making housing determinations based in part on those classifications, and impugning his religion by allocating resources in ways he finds deficient. *See* ECF No. 1 at 10-23.

And while Defendants typically carry the burden to show that a prisoner is not entitled to proceed IFP, *Andrews*, 398 F.3d at 1119, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. That is the case here.

A court may take judicial notice of its own records, *see Molus v. Swan*, Civil Case No. 3:05-cv-00452–MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Thus, this Court takes judicial notice that Plaintiff, Kohen Diallo Uhuru, also known as Diallo E. Uhuru, and identified as CDCR Inmate #P-73824, has had three, and potentially four,[1] prior prisoner civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

They are:

1) *Diallo v. Yarborough, et al.*, Civil Case No. 2:03-cv-05401-JVS-VBK (C.D. Cal. February 5, 2004) (Report and Recommendation ["R&R"] to Grant Defendants' Motion to Dismiss Complaint for failure to state a claim pursuant (ECF No. 28 at 11) ("The allegation of the Complaint are insufficient to state a claim against each individual defendant upon which relief can be granted."); (C.D. Cal. April 16, 2004) (Order Accepting R&R Granting Defendants' Motion to Dismiss, and Directing that Judgment be entered dismissing action without prejudice) (ECF No. 34 at 1-2) (strike one);

///

---

[1] In *Uhuru v. Spagnola, et al.,* C.D. Cal. Civil Case No. 2:09-cv-05582-JVS-VBK, Central District of California U.S. District Judge James V. Selna accepted and adopted the Report and Recommendation of U.S. Magistrate Judge Victor B. Kenton to dismiss Plaintiff's § 1983 Complaint "and the action, without prejudice" based on Plaintiff's initial "fail[ure] to state a claim pursuant to Section 1983 against each individual Defendant in his Complaint," and his subsequent failure to prosecute by failing to amend. *See* ECF Nos. 5, 9, 10. While this Court has previously held such a dismissal *may* qualify as a "strike," *see Ruff v. Ramirez*, 3:07-cv-0962-JLS-CAB, 2007 WL 4208286 at *5 (S.D. Cal. Nov. 28, 2007) (ECF No. 27), the Ninth Circuit has yet to decide whether a dismissal under these circumstances may be counted pursuant to § 1915(g). *See Harris v. Mangum, et al.,* Ninth Circuit Appeal No. 15-15054 (filed Jan. 12, 2015), Appellant's Opening Brief (ECF No. 40 at 24-30) (arguing on appeal that prisoner's dismissals for failure to amend do not qualify as strikes); *cf.* Appellee's Answering Brief (ECF No. 49 at 10-17) (arguing that "if a prisoner's deficient complaint is the proximate cause of the dismissal [for failure to prosecute], he accrues a strike."). In the absence of any resolved Ninth Circuit precedent, and because Plaintiff has three other *clear* prior dismissals for failure to state a claim, this Court will not consider *Uhuru v. Spagnola, et al.*, C.D. Cal. Civil Case No. 2:09-cv-05582-JVS-VBK as an additional fourth strike against Plaintiff under § 1915(g) at this time.

2) *Diallo v. Moskowitz, et al.,* Civil Case No. 2:07-cv-07109-JVS-VBK (C.D. Cal. June 1, 2009) (Amended R&R Granting Defendants' Motion to Dismiss Complaint (ECF No. 48); (C.D. Cal. July 6, 2009) (Order Accepting and Adopting Amended R&R and dismissing the Complaint, "and the action, with prejudice.") (ECF No. 50 at 1-2) (strike two); and

3) *Diallo v. Greenman, et al.*, Civil Case No. 2:07-cv-02937-JVS-VBK (C.D. Cal. Sept. 21, 2009) (R&R Granting Defendants' Motion to Dismiss First Amended Complaint) (ECF No. 44 at 8, 25 ("[T]he allegations of the First Amended Complaint are insufficient to state a federal civil rights claim against Defendants.")); (C.D. Cal. Oct. 27, 2009) (Order Accepting & Adopting R&R and Dismissing First Amended Complaint, "and the action, with prejudice.") (ECF No. 47).

Accordingly, because Plaintiff has, while incarcerated, accumulated three "strikes" pursuant to § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

**III. Screening of Complaint pursuant to § 1915A**

While Plaintiff has been denied leave to commence this civil action without prepayment of the $400 civil filing fee required by 28 U.S.C. § 1914(a), and his case requires dismissal for that reason alone, the Court also elects to conduct a sua sponte review of Plaintiff's pleading because he was "incarcerated or detained in any facility [and] is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary

program" at the time he filed this action. *See* 28 U.S.C. § 1915A(a), (c).

Section 1915A, also enacted as part of PLRA, requires sua sponte dismissal of prisoner complaints, or any portions thereof, which are frivolous, malicious, or fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1764 (2015); *Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000). "The purpose of § 1915A is to 'ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

Plaintiff's Complaint fails to state a claim upon which § 1983 relief may be granted against any of the named Defendants. *See id.*; 28 U.S.C. § 1915A(b)(1). In order to state a claim against an official in his personal capacity, Plaintiff must allege facts which demonstrate that each named defendant personally participated in the deprivation of his rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 676-77 (2009); *Simmons v. Navaho Cnty*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff may not attribute liability to a group of defendants, but instead, must "set forth specific facts as to each individual defendant's" deprivation of his rights. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Liability may not be imposed on supervisory personnel under the theory of respondeat superior, as each defendant is only liable for his or her own misconduct. *Iqbal,* 556 U.S. at 676-77. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Lemire v. Cal. Dept. of Corrections & Rehabilitation*, 726 F.3d 1062, 1074-75 (9th Cir. 2013) ("A prison official in a supervisory position may be held liable under § 1983 ... 'if he or she was personally involved in the constitutional deprivation or a sufficient causal connection exists between the supervisor's unlawful conduct and the constitutional violation.'") (quoting *Lolli v. Cty. of Orange*, 351 F.3d 410, 418 (9th Cir. 2003)); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

Throughout his pleading, Plaintiff claims he was "forced to suffer" various unconstitutional conditions on unspecified occasions, that all Defendants are "joined and related by a series of … occurrences," and that "multiple CDCR officials" are to blame (ECF No. 1 at 4, 12, 18, 19, 23). These types of "unadorned, the-defendant[s]-unlawfully-harmed-me accusation[s]," "stop[] short of the line between possibility and plausibility," and fail[] to "show" Plaintiff is "entitled to relief." *Iqbal*, 556 U.S. at 678-79.

## IV. Conclusion and Order

For the reasons set forth above, the Court:

1) **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 2) as barred by 28 U.S.C. § 1915(g);

2) **DISMISSES** this action without prejudice for failure to pay the full statutory and administrative $400 civil filing fee required by 28 U.S.C. § 1914(a), and for failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915A(b)(1);

3) **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous); and

4) **DIRECTS** the Clerk of Court to close the file.

**IT IS SO ORDERED**.

Dated: April 25, 2017

Hon. Cathy Ann Bencivengo
United States District Judge