UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| KOHEN DIALLO UHURU, aka DIALLO E. UHURU, CDCR #P-73824, | Case No.: 3:16-cv-02973-CAB-RBB |
|---|---|
| Plaintiff, | **ORDER:** |
| vs. | **1) DENYING MOTION FOR RECONSIDERATION**<br>**[ECF No. 8]** |
| Lt. M. OLIVEROS, et al., | **AND** |
| Defendants. | **2) RE-CERTIFYING APPEAL WOULD NOT BE TAKEN IN GOOD FAITH PURSUANT TO 28 U.S.C. § 1915(a)(3)** |

**I. Procedural History**

KOHEN DIALLO UHURU ("Plaintiff"), also known as Diallo E. Uhuru, currently incarcerated at California Men's Colony ("CMC") in San Luis Obispo, California, and proceeding pro se, has filed this civil rights action pursuant to 42 U.S.C. § 1983 (ECF No. 1).[1]

---

[1] Plaintiff was incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, at the time he filed suit, but was transferred to CMC in April 2017. *See* ECF No. 6.

1

In his Complaint, Plaintiff claimed a host of prison officials at RJD and one doctor at the California Medical Facility in Soledad, California, violated his First, Eighth, and Fourteenth Amendment rights as a group on unspecified occasions "though a caste system that is designated by laches to demoralize and dehumanize [him] from being a heterosexual" and identify as a "Hue-Man" Nubian Hebrew Israelite. (ECF No. 1 at 2-4, 10-11, 16.) Plaintiff claimed to have been improperly "punished" with "detrimental psychotropic medications," and to have been denied single-cell and lower bunk status for his narcolepsy, seizures, and his aversion to "undercover sodomites, exhibitionist[s], and gang affiliate[s] who listen[] to rap music and watch violent television programs." Plaintiff further claimed he was refused the right to practice his religion under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") because RJD "misappropriat[ed] funds" by "pouring cement" but not "work[ing] on the chapel," that "CDCR officials" were "notorious[] [for] … not processing inmate/parolee appeals," placed him in Ad-Seg "because he is addicted to prayer," and "tortured [him] and colluded" together to mistreat and misdiagnose his mental illnesses in a racially discriminatory manner. (*Id.* at 11-16, 18-23.)

Plaintiff sought declaratory and injunctive relief, including "documentation that the word permanent means enduring and without change," and a court order "allowing [him] to maintain a hand held audio recording device for dialogue/consultations," as well as $750,000 in general and punitive damages. (*Id.* at 9.)

On April 25, 2017, the Court denied Plaintiff leave to proceed in forma pauperis pursuant ("IFP") to 28 U.S.C. § 1915(g) however, finding he is "not entitled to the privilege" because he filed, while incarcerated, *at least* three prior civil actions which were dismissed as frivolous, malicious, or for failing to state a claim, and because his Complaint failed to include any plausible allegations to suggest he faced "imminent danger of serious physical injury" at the time he filed it. (ECF No. 5 at 4-6.) In addition, the Court further dismissed Plaintiff's Complaint sua sponte pursuant to 28 U.S.C. § 1915A(b)(1), because his allegations failed to state a plausible claim for relief against

any individual defendant under § 1983. (*Id.* at 6-8.) Because Plaintiff did not prepay the civil filing fees required by 28 U.S.C. § 1914(a) to commence a civil action, and because he *also* failed to state a claim, the Court dismissed the case, and simultaneously certified that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). (*Id.* at 8.)

On May 9, 2017, Plaintiff filed a Motion for Reconsideration of the Court's April 25, 2017 Order (ECF No. 8). On June 22, 2017, Plaintiff filed an additional document entitled "Nunc Pro Tunc Order and Petition for Writ of Habeas Corpus and Memorandum of Points and Authorities in Support Thereof," in which he summarizes the claims alleged in his original Complaint, and makes further arguments in support of his Motion for Reconsideration (ECF No. 10).

## II. Motion for Reconsideration

### A. Standard of Review

"A Rule 59(e) motion may be granted if '(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law.'" *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) (quoting *Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir. 2001)). This type of motion seeks "a substantive change of mind by the court," *Tripati v. Henman*, 845 F.2d 205, 206 n.1 (9th Cir. 1988) (quoting *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 526 (9th Cir. 1983)), and "is an extraordinary remedy which should be used sparingly." *McDowell v. Calderon*, 197 F.3d 1253, 1254 n.1 (9th Cir. 1999). Rule 59(e) may not be used to "'relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Stevo Design, Inc. v. SBR Mktg. Ltd.*, 919 F. Supp. 2d 1112, 1117 (D. Nev. 2013) (quoting 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

///
///

B.  Plaintiff's Arguments

In his Motion, Plaintiff objects to the Court's April 25, 2017 Order and seeks reconsideration on grounds that the Court "erroneously" concluded his three prior civil actions constitute "strikes" under § 1915(g). *See* ECF No. 8 at 1-2. He does not point to newly-discovered or previously unavailable evidence, nor does he identify any change in controlling law. *See Ybarra,* 656 F.3d at 998. Instead, Plaintiff makes two arguments. First, he claims the Court "failed to properly identify the correct outcome" of his prior cases, and "mislabeled [them] as strikes due to an erroneous style of the dismissal." *See* ECF No. 10 at 3; ECF No. 8 at 1-2. Second, Plaintiff contends he "sufficiently alleged 'imminent danger of serious physical injury,'" because he was "unjustly labled as a security threat" by unidentified prison officials in 2015, and transferred away from his family, which has been "psychologically damaging." *See* ECF No. 10 at 3.

C.  Discussion

As noted above, the Court's April 25, 2017 Order denied Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(g) because the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "*Andrews*"). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

"[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008); *see also El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. Aug. 12, 2016) (noting that when court "review[s] a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'") (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)). Once a prisoner has accumulated three strikes, he is simply prohibited by section 1915(g) from pursuing any other IFP civil action or appeal in federal court unless he alleges he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

After reviewing Plaintiff's Complaint as well as his litigation history, the Court's April 25, 2017 Order took judicial notice of three, and potentially four, "strikes" Plaintiff accumulated pursuant to 28 U.S.C. § 1915(g) prior to the filing of this action. *See* ECF No. 5 at 4-6. Those cases were identified as follows:

 1) *Diallo v. Yarborough, et al.*, Civil Case No. 2:03-cv-05401-JVS-VBK (C.D. Cal. February 5, 2004) (Report and Recommendation ["R&R"] to Grant Defendants' Motion to Dismiss Complaint for failure to state a claim pursuant (ECF No. 28 at 11) ("The allegation of the Complaint are insufficient to state a claim against each individual defendant upon which relief can be granted."); (C.D. Cal. April 16, 2004) (Order Accepting

R&R Granting Defendants' Motion to Dismiss, and Directing that Judgment be entered dismissing action without prejudice) (ECF No. 34 at 1-2) (strike one);

2) *Diallo v. Moskowitz, et al.*, Civil Case No. 2:07-cv-07109-JVS-VBK (C.D. Cal. June 1, 2009) (Amended R&R Granting Defendants' Motion to Dismiss Complaint (ECF No. 48); (C.D. Cal. July 6, 2009) (Order Accepting and Adopting Amended R&R and dismissing the Complaint, "and the action, with prejudice.") (ECF No. 50 at 1-2) (strike two); and

3) *Diallo v. Greenman, et al.*, Civil Case No. 2:07-cv-02937-JVS-VBK (C.D. Cal. Sept. 21, 2009) (R&R Granting Defendants' Motion to Dismiss First Amended Complaint) (ECF No. 44 at 8, 25) ("[T]he allegations of the First Amended Complaint are insufficient to state a federal civil rights claim against Defendants.")); (C.D. Cal. Oct. 27, 2009) (Order Accepting & Adopting R&R and Dismissing First Amended Complaint, "and the action, with prejudice.") (ECF No. 47).[2]

Moreover, the Court explicitly found Plaintiff's pleading contained no "plausible allegation" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *See* ECF No. 5 at 5 (citing *Cervantes*, 493 F.3d at 1055).

---

[2] The Court identified an additional case as a potential strike, *Uhuru v. Spagnola, et al.*, C.D. Cal. Civil Case No. 2:09-cv-05582-JVS-VBK, but declined to consider it at the time because no published and binding Ninth Circuit authority had yet to hold that the dismissal of a prisoner's complaint for failure to state a claim, followed by a subsequent dismissal of the action based on the prisoner's failure to amend, could count as a "strike" under § 1915(g). *See* ECF No. 5 at 5 n.1. The Ninth Circuit has since held, however, that "when (1) a district court dismisses a complaint on the ground that it fails to state a claim, and (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as strike under § 1915(g)." *Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017). Therefore, the Court now finds that *Uhuru v. Spagnola, et al.*, C.D. Cal. Civil Case No. 2:09-cv-05582-JVS-VBK, constitutes yet a fourth "strike" against Plaintiff. *See* ECF No. 5 at 5 n.1.

Plaintiff first claims the Court "failed to properly identify the correct outcome" of each case of the three cases it cited as strikes. *See* ECF No. 10 at 3. Specifically, Plaintiff claims his allegations in *Diallo v. Yarborough, et al.*, Civil Case No. 2:03-cv-05401-JVS-VBK "were dismissed without prejudice which is not a strike," *see* ECF No. 8 at 1, that *Diallo v. Moskowitz, et al.*, Civil Case No. 2:07-cv-07109-JVS-VBK "was settled" and that he has "maintained an amicable relationship with Rabbi Moskowitz and true love with the utmost respect for the then defendant as a result of the settlement," *id.* at 2, and *Diallo v. Greenman, et al.*, Civil Case No. 2:07-cv-02937-JVS-VBK "was actually dismissed for failure to prosecute." *Id.*

However, Plaintiff does not explain how or why the official judicial record of his federal filing history directly contradicts his unsworn allegations as to the final bases for dismissal in any of his prior cases. *See Harris*, 863 F.3d at 1142 ("It does not matter whether [Plaintiff] might have stated a claim. What matters is that he did not do so."). Moreover, Plaintiff presents no evidence to suggest that the Central District's docket of the proceedings in these cases was in any way flawed or unreliable. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2005) (court "may take judicial notice of court filings and other matters of public record."). And while Defendants typically carry the burden to show that a prisoner is not entitled to proceed IFP, *Andrews*, 398 F.3d at 1119, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. That remains the case here.

Second, Plaintiff fails to show the Court erred by finding his Complaint failed to include any plausible allegations of "imminent danger of serious physical injury" at the time he filed it. *See Cervantes*, 493 F.3d at 1055. And while he now contends he suffers from psychological damage as the result of a 2015 transfer (ECF No. 10 at 3), this case was filed more than a year later, in December 2016, and nothing in Plaintiff's pleading plausibly suggested he faced an ongoing or *imminent* danger of serious *physical injury* at the time of filing. *Id.* at 1056 ("The common definition of 'imminent,' … does not refer

only to events that are already taking place, but to those events 'ready to take place' or 'hanging threateningly over one's head."); *see also Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) ("[T]he harm must be imminent *or* occurring at the time the complaint is filed." (emphasis added)); *Sierra v. Woodford*, 2010 WL 1657493 at *3 (E.D. Cal. 2010) (finding "long, narrative, rambling statements regarding a cycle of violence, and vague references to motives to harm Plaintiff" failed to satisfy § 1915(g)'s "imminent danger" exception).

"A motion for reconsideration may not be used to get a second bite at the apple." *Campion v. Old Repub. Home Protection Co., Inc.*, No. 09-CV-00748-JMA(NLS), 2011 WL 1935967, at *1 (S.D. Cal. May 20, 2011). The purpose of Rule 59(e) is not to "give an unhappy litigant one additional chance to sway the judge. [A]rguments and evidence [that] were previously carefully considered by the Court, [ ] do not provide a basis for amending the judgment," *Kilgore v. Colvin*, No. 2:12-CV-1792-CKD, 2013 WL 5425313 at *1 (E.D. Cal. Sept. 27, 2013) (internal quotations omitted), and "[m]ere doubt[] or disagreement about the wisdom of a prior decision" is insufficient to warrant granting a Rule 59(e) motion. *Campion*, 2011 WL 1935967 at *1 (quoting *Hopwood v. Texas*, 236 F.3d 256, 273 (5th Cir. 2000)). For a decision to be considered "clearly erroneous" it must be "more than just maybe or probably wrong; it must be dead wrong." *Id.* A "movant must demonstrate a 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Id.* (quoting *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)); *see also Garcia v. Biter*, No. 1:13-CV-00599-LJO-SKO-PC, 2016 WL 3879251, at *2 (E.D. Cal. July 18, 2016).

Here, Plaintiff has failed to offer any valid basis upon which the Court might find its April 25, 2017 Order and judgment of dismissal was clearly erroneous or manifestly unjust. Therefore, relief under FED. R. CIV. P. 59(e) is not warranted.

///

///

///

### III. Conclusion and Order

Based on the foregoing, the Court:

1) **DENIES** Plaintiff's Motion for Reconsideration (ECF No. 8);

2) **DIRECTS** the Clerk to **DISMISS** this civil action without prejudice based on Plaintiff's failure to pay the filing fees required by 28 U.S.C. § 1914(a), and for failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915A(b)(1), and to enter judgment accordingly, and

3) **RE-CERTIFIES** that an IFP appeal from either this or the Court's the April 25, 2017 Order, would be frivolous and therefore, not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The file in this Court will remain closed.

**IT IS SO ORDERED**.

Dated: August 28, 2017

_____
Hon. Cathy Ann Bencivengo
United States District Judge